IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| Eric T. Brooker,<br><br>          Plaintiff,<br>v.<br><br>Warehouse Home Furnishing Distributors, Inc.<br><br>          Defendant. | CIVIL ACTION NO. _____<br><br>**NOTICE OF REMOVAL** |

**TO:  The Honorable United States District Court for the District of South Carolina, Greenwood Division**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Warehouse Home Furnishings Distributors, Inc. (hereinafter "Defendant") files this Notice of Removal removing this action from the Court of Common Pleas of Greenwood County, South Carolina. The grounds for removing this action are as follows:

**THE COMPLAINT**

1. On November 16, 2020, the plaintiff, Eric T. Brooker (hereinafter "Plaintiff"), commenced a civil action in the Court of Common Pleas for Greenwood County, South Carolina. On November 24, 2020, undersigned counsel for Defendant accepted service of the Summons and Complaint on behalf of Defendant. A true and correct copy of the Complaint, together with the executed Acceptance of Service, is attached to this Notice of Removal as **Exhibit 1**.

2. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is filed within thirty (30) days from the date on which Defendant was first served with the Summons and Complaint.

3. The Complaint asserts various state-law causes of action and claims for relief against Defendant purportedly arising out of Plaintiff's visit to a retail store location operated by Defendant in Greenwood County, South Carolina on or about July 18, 2019.

**GROUNDS FOR REMOVAL**

4. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

5. This action involves "citizens of different states" as required under 28 U.S.C. § 1332(a)(1).

6. Plaintiff is a citizen and resident of Abbeville County, South Carolina. *See* **Exhibit 1, ¶1**.

7. In the Complaint filed to initiate the current action, Plaintiff alleges Defendant "is a corporation organized and existing in a state other than the State of South Carolina and doing business in Greenwood County, South Carolina," and contends Defendant "is liable for the acts and omissions of their respective agents and/or employees' negligence, gross negligence, willfulness, wantonness, recklessness, and other liability forming conduct that caused harm to Plaintiff" as Defendant "had the right and/or power to direct and control the manner in which its employees and/or agents executed their duties." Plaintiff contends Defendant's negligence in several regards arising out of the conduct of its "employees and/or agents" caused him injuries for which Defendant is liable. *See* **Exhibit 1, ¶¶ 4 – 10.**

8. Defendant Warehouse Home Furnishings Distributors, Inc. is, and at all times relevant hereto was, a company organized and existing under the laws of the State of Georgia which maintains its principal place of business in the State of Georgia. *See* **Exhibit 2.**

9.      "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

10.     Accordingly, Defendant is a citizen of the State of Georgia.

11.     Since Plaintiff is a citizen of South Carolina, and Defendant is a citizen of Georgia, complete diversity exists amongst the parties to this action.

12.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

13.     In determining whether the claims in the Complaint meet the jurisdictional amount, the district court may make reasonable deductions, inferences, or other extrapolations from the pleadings to determine whether it is apparent that a case is removable. *See* Francis v. Allstate Ins. Co., 709 F.3d 362, 368 (4th Cir. 2013) (affirming district court's use of "experience and common sense" to conclude that the amount-in-controversy requirement was satisfied). Put simply, a district court determining the amount in controversy "'is not required to leave its common sense behind.'" Hamilton v. Ocwen Loan Servicing, LLC, No. 9:12–cv–03111–PMD, 2013 WL 499159, at *5 (D.S.C. Feb. 7, 2013) (*quoting* Crosby v. CVS Pharmacy, Inc., 409 F. Supp. 2d 665, 668 (D.S.C. 2005)).

14.     In this case, satisfaction of the amount in controversy is apparent from the allegations in Plaintiff's Complaint. Plaintiff is seeking recovery of damages related to "serious, severe and painful injuries to his person" which Plaintiff contends "necessitated medical care and treatment, including, but not limited to, the costly care and treatment of a doctor; together with hospitalization and a local hospital; together with the costs of MRIs, X-rays, surgery,

rehabilitation/physical therapy; among others." *See* **Exhibit 1, ¶ 11.** Plaintiff further contends he "was out of work for several months due to the injuries he suffered," and he "continues to suffer from pain and discomfort as a result of his injuries and is informed and believes that the same will continue indefinitely, all adding to his loss and damages." *See* **Exhibit 1, ¶ 11.** While Defendant expressly denies any wrongdoing and denies the injuries/damages set forth in the Complaint were caused as a direct or proximate result of any wrongdoing on Defendant's part, the allegations of injuries and damages sought through the Complaint are substantial and have resulted in judgments and demands in excess of $75,000 in other cases in the past. Therefore, the jurisdictional amount is satisfied.

15.     In addition to the claims for compensatory damages, Plaintiff seeks an award of punitive damages against Defendant. *See* **Exhibit 1, ¶ 11 and Prayer for Relief beginning with "Wherefore."** While Plaintiff's claims for compensatory damages themselves show the jurisdictional amount is apparent, it is well settled the punitive damages sought by Plaintiff must also be considered in any calculation of the amount in controversy. *See, e.g.*, R.L. Jordan Oil Co. of North Carolina, Inc. v. Boardman Petroleum, 23 Fed. Appx. 141, 145 n.3 (4th Cir. 2001) ("When calculating the amount in controversy, the district court should consider any special or punitive damages."); Am. Health & Life Ins. Co. v. Heyward, 272 F. Supp. 2d 578, 581 (D.S.C. 2003) (holding that claims for punitive damages "must be included in the calculation of the amount in controversy"). While Defendant denies Plaintiff is entitled to an award of punitive or compensatory damages, the Court should infer from Plaintiff's request for punitive damages that Plaintiff is seeking greater recovery than if he was merely seeking compensation for alleged injuries. Woodward v. Newcourt Comm. Fin. Corp., 60 F. Supp. 2d 530, 532 (D.S.C. 1999) (holding that "[plaintiff's] claim for punitive damages alone makes it virtually impossible to say

that the claim is for less than the jurisdictional amount"). In all, the allegations of the Complaint make clear that Plaintiff's claim for punitive damages, together with his claims for compensatory damages, seeks an amount in excess of $75,000.

16. Accordingly, the record and case law establish that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17. This Notice of Removal complies with the requirements of 28 U.S.C. §§ 1441 and 1446, and has been timely filed within thirty (30) days of service of the Complaint upon Defendant via its undersigned attorney.

18. The Greenwood Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Greenwood County. *See* 28 U.S.C. §§ 1441(a), 121(4).

19. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

WHEREFORE, Defendant prays the above action now pending against it in the Court of Common Pleas for Greenwood County, South Carolina, be removed therefrom to this Court, that this Court exercise jurisdiction over this action, and that this Court grant such other further relief as this Court deems just and necessary.

*[Signature on Next Page]*

Respectfully Submitted,

Greenville, South Carolina
Dated: December 18, 2020

By:    s/ *Robert D. Corney*
       Robert D. Corney (Fed. Bar No. 11626)
       Michael W. Rabb (Fed. Bar No. 13129)
       GALLIVAN, WHITE & BOYD, P.A.
       P.O. Box 10589
       Greenville, South Carolina 29603
       Telephone: (864) 271-9580
       Fax: (864) 271-7502
       rcorney@gwblawfirm.com
       mrabb@gwblawfirm.com
       **Attorneys for Warehouse Home Furnishings Distributors, Inc.**